No. 13,800.

## CAMPBELL v. CAMPBELL.

PLEADING.—*Demurrer.*—*Incapacity to Sue.*—A demurrer to a complaint,. assigning as cause that the plaintiff has no legal capacity to sue, has. reference only to some legal disability of the plaintiff, such as infancy,. idiocy, or coverture, and not to the fact that the complaint does not show a right of action in the plaintiff.

SAME.—*Demurrer.—Party Plaintiff.*—A demurrer assigning as cause, " that there is not any proper party plaintiff" in said action, does not allege one of the six statutory causes of demurrer to a complaint (section 339, R. S. 1881), and presents no question for the consideration of the: court.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

*W. Johnston,* for appellee.

COFFEY, J.—The complaint in this case consists of three paragraphs. The first alleges, in substance, that on the 6th day of May, 1867, the appellant executed to Samuel Camp-bell his promissory note for the sum of one hundred and eighty-five dollars, due six months thereafter; that the said Samuel Campbell died intestate on the —— day of May, 1884, leaving no debts or obligations outstanding against him, and owning no other property than said note; that no letters of administration have been granted upon his estate; that he left the plaintiff as his widow, and the defendants herein as his only heirs at law, and that the plaintiff took said note as a part of the sum allowed her by statute as his widow.

The second paragraph of the complaint is upon the note referred to in the first paragraph, and alleges the death of Samuel Campbell, leaving the plaintiff and the defendants as his widow and heirs at law; that his estate is not indebted, and that no letters of administration have been granted, and

that the defendants, except the appellant, have assigned their interest in said note to the appellee, Elizabeth Campbell.

The third paragraph of the complaint is substantially the same as the first, except that it is on a different claim.

The appellant filed a demurrer to the first and second paragraphs of the complaint, alleging, as cause : ·

"*First.* That the plaintiff has not any legal capacity to sue in this action.

"*Second.* That there is not any proper party plaintiff in said cause."

The court overruled the demurrer, and the appellant excepted.

The assignment of errors calls in question the ruling of the court in overruling the above demurrer.

A demurrer to a complaint, assigning as cause that the plaintiff has no legal capacity to sue has reference only to some legal disability of the plaintiff, such as infancy, idiocy, or coverture, and not to the fact that the complaint does not show a right of action in the plaintiff. *Dale* v. *Thomas,* 67 Ind. 570; *Dewey* v. *State, ex rel.,* 91 Ind. 173; *Traylor* v. *Dykins,* 91 Ind. 229; *Pence* v. *Aughe,* 101 Ind. 317.

It does not appear on the face of the complaint, in this cause, that the appellee, Elizabeth Campbell, was under any legal disability, and the court, therefore, did not err in overruling the demurrer for the first cause assigned.

Section 339, R. S. 1881, provides for six different causes of demurrer to the complaint, and declares that a demurrer shall be sustained for no other cause. The second cause assigned by the appellant in this case is not found in any of the causes set forth in this statute. A demurrer not alleging one of the statutory causes presents no question for the consideration of the court. *Cincinnati, etc., R. R. Co.* v. *Washburn,* 25 Ind. 259; *Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121; *Martin* v. *Martin,* 74 Ind. 207; *Thomas* v. *Goodwine,* 88 Ind. 458; *Reed* v. *Higgins,* 86 Ind. 143.

The court did not err in overruling the demurrer to the complaint.

As no other questions involved in the case are discussed by counsel for the appellant in their brief, they are waived, and the judgment must be affirmed.

Judgment affirmed.

