## MADER *et al.* v. PLANO MFG. CO.

1. Under Rev. Code Civ. Proc. § 121, giving defendant the right to demur to a complaint when it shall appear on the face thereof that there is a "defect of parties," nonjoinder of parties is meant.

2. When the causes for which parties may demur are fixed by statute, the causes specified therein are exclusive, and no other ground is tenable.

3. A demurrer to a complaint on the ground "that there is a misjoinder of parties plaintiff" raises no question, under Rev. Code Civ. Proc. § 121, providing for a demurrer on the ground that there is a defect of parties, but containing no provision for demurrer on the ground of misjoinder of parties.

4. Under Rev. Civ. Code, § 2061, giving right of action to mortgagors against mortgagees for damages and penalty for failure to release a mortgage after it is paid, but requiring the mortgagor to pay the expense of acknowledgment of the release on demand therefor by the mortgagor, a complaint by a mortgagor against a mortgagee to require the latter to execute, acknowledge and deliver a certificate of discharge that is entitled to record in the office of the register of deeds, and pay the damages and penalty, is demurrable, in the absence of an allegation that the expense has been paid or tendered.

5. A contention that a complaint by a mortgagor against a mortgagee to require the latter to execute, acknowledge and deliver a certificate of discharge and pay the damages and penalty provided under Rev. Civ. Code, § 2061, for failure to release a mortgage, though failing to allege that the expense has been paid or tendered, is good, because sufficient to require the execution and delivery of a certificate of discharge that has never been acknowledged, is without merit.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Yankton county; Hon. E. G. SMITH, Judge.

Action by Henry P. Mader and another against the Plano Manufacturing Company. From an order overruling a demurrer to the complaints, defendant appeals. Reversed.

*Joe Kirby*, for appellant.

*Gamble, Tripp & Holman*, for respondents.

FULLER, J.    The complaint in this action by mortgagors against the mortgagee to recover the relief, damages, and penalty provided for by section 2061 of the Revised Civil Code is as follows: . "That the defendant is, and at the times herein stated was, a corporation existing under and by virtue of the laws of the state of Illinois; that at all said times the plaintiff Henry P. Mader was and is the owner in fee of the east half of the northeast quarter of section 9, in township 94 north, of range 55 west, in this county and state; that the said Emma Mader was and now is his wife, and they are and have been at said times living upon said land as their homestead; that on the 11th day of July, 1898, for the purpose of securing the payment to the defendant of certain indebtedness evidenced by three certain promissory notes executed by the plaintiff Henry P. Mader to said defendant, plaintiffs executed to said defendant under their hands and seals and acknowledged before an officer authorized by law to take acknowledgments a certain mortgage on said land, which said mortgage the defendant caused to be filed in the office of the register of deeds of this county on the 17th day of October, 1898, and the same was recorded in Book 81 of Mortgages, at page 6; that prior to the 12 day of July, 1901, the plaintiff, Henry P. Mader, paid in full the first two of said notes evidencing parts of said indebtedness, and on said date paid to defendant the last of said notes, being for $45, and also certain claimed livery charges and other expenses in coming to plaintiffs' residence, by executing to defendant a note for $56.60, and securing the same

on certain of his personal property by a chattel mortgage, which said defendant caused to be filed in the office of the register of deeds of this county; that on the 20th day of December, 1901, the said plaintiff Henry P. Mader paid to said defendant the said note of $56.60, of July 12, 1901, and thereupon demanded of said defendant in this county and state that it execute and deliver to him a certificate of satisfaction of said real estate mortgage, but it has neglected and refused to do so, or enter marginal satisfaction, or satisfaction of any kind; that long prior to the commencement of this action said plaintiff Henry P. Mader fully paid and satisfied said real estate mortgage. Wherefore, plaintiffs ask judgment that said defendant be compelled to execute and deliver to plaintiffs a certificate of discharge of said mortgage, and acknowledge the same, so that it will be entitled to be admitted to record in the office of the register of deeds of this county; that they recover $25 damages and $100 penalty prescribed by section 2061 of the Revised Civil Code of this state, and such other and further relief as would be proper in the premises, together with the costs and disbursements herein."

The only assignments of error presented by the record relate to an order overruling a demurrer, in which the defendant's objections to the complaint are stated thus: "(1) That the facts stated in the complaint do not constitute a cause of action; (2) that several causes of action have been improperly united; (3) that there is a misjoinder of parties plaintiff; (4) that the court has no jurisdiction of the person of this defendant or the subject matter of this action."

The contention that the demurrer should have been sustained on the ground that Emma Mader was improperly joined

with her husband as a party plaintiff has no merit, because the defendant is not prejudiced, a mortgage on the homestead is void without the signature of the wife, and a misjoinder of the plaintiffs cannot be reached in this state by a demurrer. Sections 121, 153, Rev. Code Civ. Pro.; Western Twine Co. v. Wright et al., 11 S. D. 521, 78 N. W. 942, 44 L. R. A. 438; Dalrymple v. Security L. & T. Co., 9 N. D. 306, 83 N. W. 245.

The demurrer was properly overruled, unless one or more of the following statutory grounds are distinctly specified and appear upon the face of the pleadings: "1. That the court has no jurisdiction of the person of the defendant, or the subject of the action; or, 2. That the plaintiff has not legal capacity to sue; or, 3. That there is another action pending between the same parties for the same cause; or, 4. That there is a defect of parties, plaintiff or defendant; or, 5. That several causes of action have been improperly united; or, 6. That the complaint does not state facts sufficient to constitute a cause of action." A nonjoinder or, as expressed in the Code, "a defect of parties, plaintiff or defendant," means insufficient parties, and has no application to a case of too many parties, or the joining of a person having no interest in the litigation, as claimed in this case by counsel for appellant. Under the prevailing system, it is universally held that when the causes for which parties may demur are fixed by statute the causes specified therein are exclusive and no other ground is tenable. Hentsch v. Porter, 10 Cal. 555; Campbell v. Campbell, 121 Ind. 178, 23 N. E. 81; Mayberry et al. v. Kelly, 1 Kan. 116; McClary v. The Sioux City and Pacific R. R. Co., 3 Neb. 44; Renton v. St. Louis, 1 Wash. T. 215; Marie v. Garrison, 83 N. Y. 14; 6 Encyc. of Pl. & Pr. 309. It, therefore, follows

that no question as to defect of parties is reached or an entertainable objection raised by a demurrer assigning the ground "that there is a misjoinder of parties plaintiff."

As inconsistent grounds for a demurrer are relied upon, and the point "that several causes of action have been improperly united" cannot be true unless two or more good causes of action are stated, the assertion "that the facts stated in the complaint do not constitute a cause of action" presents a question that must first be determined. The statute upon which this action is based, being section 2061, supra, is as follows: "When any mortgage has been satisfied the mortgagee or his assignee must immediately upon demand of the mortgagor, his grantee or heirs, execute and deliver to him a certificate of the discharge thereof, and must, at the expense of the mortgagor, acknowledge the execution thereof so as to entitle it to be recorded, or he must enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee, or assignee of such mortgagee, who refuses to execute and deliver to the mortgagor the certificate of discharge, and to acknowledge the execution thereof, or to enter satisfaction or cause satisfaction to be entered of the mortgage, as provided in this chapter, is liable to the mortgagor or his grantee or heirs for all damages which he or they may sustain by reason of such refusal, and also forfeit to him or them the sum of one hundred dollars." It is clear from the fact that the mortgagor is required to pay for the acknowledgment that an effectual certificate entitled to record is not legally demandable until such expense has been paid or tendered, and without an allegation to that effect this action to require appellant to execute, acknowledge and deliver a certificate of discharge that is entitled to record in the

office of register of deeds, and pay the damages and penalty provided for and prescribed by law, is not maintainable.

The protection of title by the removal of clouds remaining of record after full satisfaction of debts secured by mortgage being the sole object of the statute, for the violation of which a severe penalty is provided, there is nothing in the contention that the complaint is good because sufficient to require the execution and delivery of a certificate of discharge that has never been acknowledged. To make such a certificate available for the intended purpose. its execution must be first acknowledged, and upon payment or tender of the expense by respendent it would be necessary to institute another action, provided appellant "refuses to execute and deliver to the mortgagor the certificate of discharge, and to acknowledge the execution thereof, or to enter satisfaction or cause satisfaction to be entered of the mortgage."

· The failure to allege facts that entitle respondent to such an instrument as the law contemplates, and one that will discharge the recorded mortgage, renders the complaint subject to the objection that facts sufficient to constitute a cause of action are not stated.

The order appealed from is reversed, and the case remanded for further proceedings.