(December 14, 1912.)

FRED A. STOLTZ, Receiver, Appellant, v. J. T. SCOTT et al., Respondents.

[129 Pac. 340.]

CORPORATION—CAUSE OF ACTION—DIVIDENDS—ILLEGAL PAYMENT OF— DISSOLUTION OF CORPORATION—REPRESENTATIVE OF CREDITORS—RE- CEIVER IS—STATUTE OF LIMITATIONS—ACTION NOT BARRED BY— LIABILITY OF DIRECTORS.

(Syllabus by the court.)

1. Under the provisions of sec. 2732, Rev. Codes, the directors of a corporation are prohibited from making dividends except from the surplus profits arising from the business of the corporation, and the directors are also prohibited from dividing, withdrawing or paying to the stockholders, or any of them, any part of the capital stock, and are prohibited from reducing or increasing the capital stock except as in the statute provided.

2. For a violation of the provisions of said section of the statute, certain directors are in their individual and private capacity made jointly and severally liable to the corporation and to its creditors, in event of dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced.

3. Sec. 5185, Rev. Codes, provides that a corporation may be dissolved by the district court upon its voluntary application for that purpose, and sec. 5186 provides what the application for that purpose must contain. Those provisions of the statute apply to the voluntary dissolution brought about by the stockholders themselves.

4. Under the provisions of said sec. 2732, Rev. Codes, certain liabilities are imposed on certain directors in event of dissolution

of the corporation, and under the provisions of that section it is not necessary that the dissolution should have been a voluntary one, declared by a court of competent jurisdiction, but when a corporation ceases business because of its insolvency and is put in the hands of a receiver, it is dissolved within the meaning of sec. 2732, Rev. Codes, relating to the personal liability of stockholders.

5. The foundation of an action brought under the provisions of said sec. 2732 is based on the illegal payment of dividends in fraud of the creditors, and the receiver, as the representative of the creditors, may maintain an action to recover the amount of such dividends so illegally paid.

6. *Held,* that the statute of limitations, under the allegations of the complaint, had not run prior to the commencement of this action.

7. *Held,* that it was not necessary to allege that at the time said illegal dividends were paid the creditors were then creditors of the corporation.

8. *Held,* that it was not necessary to allege in the complaint that at the time said illegal dividends were paid the corporation was insolvent.

9. *Held,* that where a statute prohibits the directors of the corporation from declaring a dividend from its capital stock, it is not necessary for a recovery against them that the assets of the corporation be first exhausted or its liability be first adjudicated.

10. The complaint *held* to state a cause of action.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action to recover alleged illegal dividends paid to directors. Demurrers to complaints sustained and judgment of dismissal entered. *Reversed.*

Reed & Boughton, for Appellant.

For the purpose of an action of this kind the corporation will be held to be dissolved by insolvency and cessation of the business; and a legal dissolution is not necessary. (Cook on Corporations, sec. 631; *Slee v. Bloom,* 19 John. (N. Y.) 456, 10 Am. Dec. 273; High on Receivers, sec. 317a, p. 392; *McDonnell v. Alabama Life Ins. Co.,* 85 Ala. 401, 5 So. 121; 10 Cyc. 723.)

"Knowledge of the corporation officer or agent will not be imputed to the corporation where the fact is one which the

officer or agent is interested in concealing from it, except in cases where a contrary rule is necessary to save the rights of innocent third persons." (10 Cyc. 1064; High on Receivers, sec. 250.)

In actions of this character the receiver represents the creditors and not the corporation. (High on Receivers, secs. 314, 320.)

The complainant states positively that the creditors did not discover the fact that dividends had been paid out of the capital stock until in March, 1911; and this is certainly sufficient. (*Osgood v. Laytin*, 3 Keys (N. Y.), 521; *Hillock v. Idaho Title & Abstract Co.*, 22 Ida. 440, 126 Pac. 612.)

It is not necessary to allege in the complaint that at the time the dividend was declared any of the present creditors were then creditors of the corporation. The statute makes them liable to all creditors, both prior and subsequent. (Sec. 2732, Laws 1909, p. 159; *Nix v. Miller*, 26 Colo. 203, 57 Pac. 1084; *Martin v. Zellerbach*, 38 Cal. 300, 99 Am. Dec. 365; *Patterson v. Stewart*, 41 Minn. 84, 42 N. W. 926, 16 Am. St. 671, 4 L. R. A. 745; *Low v. Buchanan*, 74 Ill. 76.)

The question raised by respondent Scott, that the complaint does not allege that at the time the dividends were declared and paid the Winn-Barr-Chainey Company was insolvent, is not well taken. (*Tait v. Pigott*, 32 Wash. 344, 73 Pac. 364, 38 Wash. 59, 80 Pac. 172; *Tait v. Hofius*, 38 Wash. 699, 80 Pac. 173.)

Neither is it necessary to allege or prove that the creditors had exhausted their remedy against the corporation. (*Swartley v. Oak etc. Co.*, 135 Iowa, 573, 113 N. W. 496.)

Smith & Ulrich, for Respondent H. H. Barton.

The statute had "run" as against the corporation before the appointment of the receiver. If this had not been the case, however, the appointment of the receiver would not have interrupted the running of the statute. (High on Receivers, sec. 184.)

The action having been barred as against the corporation, is barred as against the receiver of the corporation. (High on Receivers, sec. 318.)

Any defense which the debtor might have urged in an action brought against him by the corporation itself, may still be made in an action brought against him by the receiver. (Elliott on Private Corporations, sec. 554; *Richardson v. Agnew,* 46 Wash. 117, 89 Pac. 404.)

The authorities cited by appellant in favor of the contention that this corporation has been "dissolved," as shown by said complaint, relate to the ordinary statutory liability of stockholders,—a liability that is held to be contractual, and not penal, in its nature. (Marshall on Corporations, sec. 207.)

The statements of the complaint do not sufficiently allege a "dissolution" of the corporation under the statute. (Marshall on Corporations, sec. 157.)

McFarland & McFarland, for Respondent J. T. Scott.

If it was the purpose of plaintiff to allege the dissolution of the Winn-Barr-Chainey Company by judicial decision, he has failed to make the necessary averments in his complaint. If he does not rely upon the judgment of a court of competent jurisdiction dissolving said corporation, his complaint does not state facts sufficient to show to the court that there was any legal or other dissolution. (5 Thompson on Corporations, par. 6672; 10 Cyc. 724 (f).)

The complaint should specifically show that at the time the dividends were declared and a portion of the capital stock withdrawn and distributed, as alleged, the creditor or creditors, represented by the plaintiff herein, held claims against the corporation. (10 Cyc. 888 (f).)

The allegation in the complaint that the creditors of said Winn-Barr-Chainey Company first discovered and learned that said dividends were paid on March 30, 1911, is immaterial, for the reason that this action is not instituted by the creditors. This action is barred by the statute of limitations. (Rev. Codes, sec. 4054, subd. 4, and sec. 4077; *Bank of San Luis Obispo v. Pacific Coast S. S. Co.,* 103 Cal. 594, 37 Pac. 499; *Burling v. Newlands,* 4 Cal. Unrep. 940, 39 Pac. 49; *Archer v. Freeman,* 124 Cal. 528, 57 Pac. 474; *Smith v. Martin,* 135 Cal. 247, 67 Pac. 779; *Hyman v. Coleman,* 82 Cal.

650, 23 Pac. 62, 16 Am. St. 178; *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807.)

The dissolution mentioned in sec. 2732, Rev. Codes, as amended by the Laws of 1909, p. 159, sec. 2732, means a dissolution by judicial decision. (*Topeka Paper Co. v. Oklahoma Pub. Co.,* 7 Okl. 220, 54 Pac. 455.)

The complaint is insufficient in not showing that the creditors, prior to the institution of this action, had exhausted their remedy against said corporation. (10 Cyc. 889h.)

J. L. McClear, for Respondent, Benjamin Chainey.

The complaint does not show that the corporation has been legally dissolved so as to make the directors liable. (Cook on Corporations, sec. 631; *Slee v. Bloom,* 19 Johns. (N. Y.) 456, 10 Am. Dec. 273; *Brandt v. Benedict,* 17 N. Y. 93; *Combes v. Keyes,* 89 Wis. 297, 62 N. W. 89, 46 Am. St. 839, 27 L. R. A. 369.)

It is incumbent on plaintiff to allege in his complaint what effort was made to ascertain the standing of the company; what efforts have been made to ascertain if any dividends had been paid, and, in fact, to show if any diligence had been used on the part of the creditors to ascertain the standing of the company, and what had been done by the directors. (*Moore v. Boyd,* 74 Cal. 167, 15 Pac. 670; *Burling v. Newlands,* 112 Cal. 476, 44 Pac. 810; *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807; *Smith v. Martin,* 135 Cal. 247, 67 Pac. 779.)

SULLIVAN, J.—This is an appeal from three judgments of dismissal which were entered upon sustaining demurrers of the three defendants, Barton, Chainey and Scott, they being the only defendants who appeared in the action. General demurrers were filed to the complaint by Chainey and Scott and the demurrer of Barton was based on an additional ground, to wit, that the action was barred by the statute of limitations and that the complaint was ambiguous and uncertain.

It appears from the complaint that the appellant Stoltz was the duly appointed and qualified receiver of the Winn-Barr-Chainey Co., Limited, a corporation, and brought this action against Scott, Barr, Winn, Chainey and Barton; Barr and Winn did not appear but the other defendants appeared and filed demurrers as above stated. The action was brought to recover several sums of money aggregating $3,895, with interest thereon.

It is alleged that said corporation is indebted to numerous individuals and corporations in the sum of $40,000; that the corporation is insolvent and unable to meet its indebtedness; that said corporation ceased to do business on or about July 15, 1910, and at said time converted all of its business and property into cash and paid the proceeds thereof *pro rata* among its creditors; that said corporation has not elected any officers since said time and has not operated under its franchise as a corporation since that date, and that said corporation has abandoned the business for which it was incorporated, and to all intents and purposes is entirely broken up and dissolved, and that there is no property or assets of said corporation out of which the creditors can be paid; that in February, 1912, said receiver made application to the proper court and was granted the right to bring this suit against the above-named defendants for the recovery of dividends alleged to have been illegally paid to them out of the capital stock of said corporation. Then follow allegations of the annual meeting of the stockholders of said company and of the directors, and that on January 14, 1908, said directors at a meeting of the board of directors of said company declared and ordered paid a dividend of ten per cent on the capital stock of said company; that the dividend so declared amounted to the sum of $3,895; that no part of said dividend was paid from the surplus profits arising from the business of said company, and at the time said dividend was declared and paid there were no surplus profits of said corporation, and that all of said dividend was paid out of the capital stock of the corporation; that said dividend was paid under the administration of said defendants as directors of said

company, and that none of said directors caused their dissent from the declaration or payment of said dividend to be entered at large upon the minutes of said directors, and that all of said directors were present at the meeting at which said dividend was declared, approved and ordered paid; that all of said directors consented thereto and voted therefor; that by reason of the payment of said dividend out of the capital stock, the said corporation and its creditors sustained a loss amounting to $3,895; that the creditors of said corporation first discovered and learned that said dividend was not paid out of the surplus profits of said company on or about March 30, 1911, and that neither the stockholders nor said corporation has taken any action to recover said $3,895 from said directors, or any part thereof; that this action is brought for the purpose of collecting from the directors of said corporation the money illegally paid out as dividends for the benefit and on behalf of the creditors of the corporation. Then follows a prayer for judgment for said amount.

This action is evidently brought under the provisions of sec. 2732, Rev. Codes, which section is as follows:

"The directors of corporations must not make dividends, except from the surplus profits arising from the business thereof; nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock; nor must they reduce or increase the capital stock, except as in this title specially provided. For a violation of the provisions of this section, the directors, under whose administration the same may have occurred (except those who may have caused their dissent therefrom to be entered at large in the minutes of the directors at the time, or, when not present, when the same did occur) are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced. There may, however, be a division and distribution of the capital stock of any corporation which remains after the payment of all its debts, upon its dissolution or the expiration of its term of existence."

Said demurrers having been sustained and the plaintiff refusing to further plead, three judgments of dismissal were entered, one in favor of each of said defendants. The appeal is from those judgments. The sustaining of said demurrers and the entering of said judgments is assigned as error.

It is contended by counsel for respondents that the action of the trial court was not error for the following, among other, reasons: (1) That the complaint does not show that said corporation has been legally dissolved so as to make these directors liable; (2) That the complaint shows on its face that the statute of limitations has run against the action; (3) That the complaint does not show in what manner the property of the company was converted into cash at the time it is alleged to have ceased business in July, 1910.

(1) Counsel for respondents contend that this action could not be maintained until the corporation had been legally dissolved, as said section of the statute provides that the directors are only liable under the provisions of said section in event of dissolution and that the only way a corporation can be dissolved under our statute is provided by sec. 5185, Rev. Codes, which provides that a corporation may be dissolved by the district court of the county where its office or principal place of business is situated, upon its voluntary application for that purpose. Sec. 5186 provides what the application must contain, and is to the effect that the application must be in writing and must set forth that at a meeting of the stockholders or members called for that purpose, the dissolution of the corporation was resolved upon by a two-thirds vote of all the stockholders or members, and that all claims or demands against the corporation have been satisfied and discharged. It will be observed from the provisions of said sections that a voluntary dissolution could not be had unless brought about by the stockholders themselves, and if it would take a voluntary dissolution to fix the liability of such stockholders, they certainly would not apply to the court for such dissolution. That section of the statute seems very clear, as it provides that for a violation of its provisions certain directors therein named "are in their individual and private capa-

city jointly and severally liable to the corporation.'' Now, under that clause of said section, the corporation in its corporate capacity could bring suit against the directors who had declared such dividends, but ·in case the corporation refuses, the creditors may bring such action in the event of dissolution; but after the corporation is placed in the hands of a receiver, it is the duty of the receiver to proceed and collect whatever is due the corporation. Of course, in the event of dissolution there could be no receiver in existence. However, in case of dissolution the creditors may proceed and collect such unlawful dividends or other claims occasioned by the fraud, gross negligence or wilful breach of duty of the officers of such corporation. Where the corporation has quit business and has disposed of all of its assets and the corporation is in the hands of a receiver, it then becomes the duty of a receiver to proceed and collect such illegal dividends and all other claims and losses caused by the fraud, gross carelessness or wilful breach of duty. However, the authorities clearly hold that for the purpose of an action of this kind the corporation will be held to be dissolved by insolvency or cessation of business, and that a judicial dissolution is not necessary to give the receiver authority to maintain such action. We think that is the correct rule in this case under the allegations of the complaint. Its corporate functions were at an end, at least until its debts were paid and the receiver discharged. (See Cook on Corporations, sec. 631; *Slee v. Bloom,* 19 Johns. (N. Y.) 456, 10 Am. Dec. 273; High on Receivers, sec. 317a, p. 392; *McDonnell v. Alabama Life Ins. Co.,* 85 Ala. 401, 5 So. 121.)

In 10 Cyc. 723, it is stated as follows: ''Statutes and constitutional provisions exist in many states, which in various forms of expression, impose a liability upon shareholders to pay such debts of a corporation as may exist at the time of its dissolution. An examination of them will show that they generally predicate the right to proceed against the shareholders, upon the fact that the corporation becomes dissolved, leaving debts unpaid . . ... It is not necessary that the forfeiture and dissolution should have been declared by the judg-

ment of a court of competent jurisdiction . . . . But an adjudication of bankruptcy or a cessation of business by reason of utter insolvency, will equally have that effect.''

In *McDonnell v. Alabama Life Ins. Co., supra,* it is held that a corporation is dissolved within the meaning of the statute relating to the personal liability of stockholders when it makes an assignment for the benefit of its creditors or ceases to do business.

In High on Receivers, at sec. 250, the author is discussing the question as to whether certain setoffs are admissible as a defense in an action by a receiver to recover dividends which have been illegally paid, and says:

''The foundation of the action being the illegal payment of dividends in fraud of the creditors, and the reparation sought being the restoration of the funds for the creditors' benefit, the receiver is regarded as the representative of the creditors and not of the corporation, and hence the defense is unavailable.''

The action at bar is prosecuted by the receiver to recover dividends alleged to have been illegally paid, and the action is for the benefit of the creditors, and we have no doubt of the receiver's right to maintain this action.

(2) Is this action barred by the statute of limitations?

It is stated in 10 Cyc., p. 1064, that knowledge of the corporate officer or agent will not be imputed to the corporation where the fact is one which the officer or agent is interested in concealing from it, except in cases where a contrary rule is necessary to save the rights of innocent third persons. Under the allegations of the complaint, it would be presumed that the directors, if they had declared and paid illegal dividends, were interested in concealing that fact, and no presumption can be drawn that the receiver or the creditors knew that fact, and it is alleged in the complaint that the creditors did not know of the illegal payment of dividends until March, 1911. It is the rule in actions of this character that the receiver represents the creditors and not the corporation. (High on Receivers, secs. 250, 314, 320 and 321.) It might be conceded in this proceeding that the action is barred as

to the corporation, but under the allegations of the complaint, it is certainly not barred as to the receiver, and he represents the creditors in this action. We cannot concede that the statute had run simply because the creditors might have discovered when said dividends were paid had they made certain investigations. Where it is positively alleged in the complaint that the creditors did not discover that illegal dividends had been paid until shortly before bringing the action, it is a matter of defense to show that they failed to discover that fact because of negligence on their part.

(3) It is contended that it was necessary to allege in the complaint that at the time the dividend was declared the creditors were then creditors of the corporation. We cannot concede that contention. The statute makes the directors liable to all creditors—those who became creditors before such dividend is paid as well as those who became creditors afterward, if they declare a dividend out of the capital of the corporation and thus deprive the creditors of the payment of their debts.

In *Woolverton v. Taylor,* 132 Ill. 197, 22 Am. St. 521, 23 N. E. 1007, the court said: "The officers, if liable at all, are liable to all the creditors of the corporation,—those existing prior to the contract creating the excessive indebtedness, those whose debts are created thereby, and also those who may afterward become its creditors. As to the subsequent creditors, could it be said the cause of action accrued before they became creditors? The action must be for their benefit, as well as that of all others, and yet they may not have become creditors of the corporation until more than five years after the first assenting to excessive indebtedness." (*Nix v. Miller,* 26 Colo. 203, 57 Pac. 1084; *Patterson v. Stewart,* 41 Minn. 84, 42 N. W. 926, 16 Am. St. 671, 4 L. R. A. 745; *Low v. Buchanan,* 94 Ill. 76.)

(4) The question is raised by respondent Scott that the complaint does not allege that at the time the dividends were declared and paid the corporation was insolvent, and for that reason does not state a cause of action against Scott. We are unable to concede that contention. It appears from the

allegations of the complaint that the rights of creditors were injuriously affected by the payment of said dividends, and it was held in *Tait v. Pigott*, 32 Wash. 344, 73 Pac. 364, that the complaint in that case was not objectionable for failure to allege that the company was insolvent at the time of the purchase, since said purchase operated to reduce the available resources of the company which subsequently became insolvent, which resources would otherwise have been applicable to the claims of creditors. So in the case at bar, if the said capital stock had not been reduced by the payment of said dividends, the subsequent creditors might have received payment at least to the extent of the dividends illegally paid.

It is also suggested that respondent Scott was not a director of nor in any way connected with the Winn-Barr-Chainey Company at the time of the dissolution and was therefore not liable. It does not matter whether a person is a director of a corporation at the time of its dissolution in order to be held liable for dividends illegally paid to him. The statute makes all of the directors liable who have received illegal dividends. If the law were otherwise, directors might declare and pay dividends out of the capital stock for their own benefit and then dispose of their stock and thus avoid liability, regardless of the fact that they had received illegal dividends which had reduced the capital of the corporation.

In *Swartley v. Oak etc. Co.*, 135 Iowa, 573, 113 N. W. 496, it was held that where a statute renders directors liable for declaring a dividend from its capital stock, it is not essential to a recovery against them that the assets of the corporation be first exhausted or even that its liability be first adjudicated.

It is also contended that the complaint did not state facts sufficient to constitute a cause of action because it does not show that there were any legal, *bona fide* creditors or claims against said corporation. We think the complaint amply shows that said corporation had creditors and that there remained an indebtedness of about $40,000 unpaid. It is alleged in the complaint that said corporation is insolvent and unable to pay its indebtedness, or any part thereof. There is no merit in that contention. We are fully satisfied that

the complaint states a cause of action. The complaint clearly alleges that said corporation is insolvent and unable to pay its debts; that it has paid illegal dividends out of its capital stock; that all of its assets have been disposed of and applied in partial payment of its indebtedness, and that there remains indebtedness still due. We think the complaint states a cause of action and is sufficient to put the respondents upon their defense. The judgments of dismissal must therefore be set aside and the defendants permitted to answer, and it is so ordered, with costs of this appeal in favor of the appellant.

Stewart, C. J., concurs.