BREON, Trustee, Respondent, vs. GENGER and others, imp.,
Appellants.

*January 15—February 12, 1924.*

*Corporations: Dividends: Co-operative associations: Discounts
allowed members' on goods purchased: Liability to repay on
bankruptcy of company.*

1. Sec. 1765, Stats. 1921 (sec. 182.19, Stats. 1923), prohibiting
   corporations from declaring dividends when they have no
   net profits to divide, applies to a co-operative corporation.
   p. 617.
2. A pleading should be liberally construed in favor of the pleader.
   p. 617.
3. In an action by the trustee in bankruptcy of a co-operative
   association to recover dividends paid to stockholders out of
   capital stock, an answer which, when liberally construed,
   alleged that the dividends were only the customary trade
   discounts given by stores generally in that vicinity to their
   customers, and were given to all the customers of the com-
   pany whether members or not, stated a defense.  p. 617.
4. If the proof should disclose that the discounts were not ordi-
   nary trade discounts, but were in fact dividends declared out
   of capital and not out of net profits, there would be liability
   on the part of the defendants to repay them.  p. 618.

APPEAL from an order of the circuit court for Outagamie
county: EDGAR V. WERNER, Circuit Judge.  *Reversed.*

Action by plaintiff as trustee of the Rubicon Co-operative
Company, a bankrupt, to recover from defendants as stock-
holders certain dividends alleged to have been declared and
paid to them in goods out of the capital of the company when
it was bankrupt and when there were no profits to divide.
The defendants, among other defenses, alleged:

"5. These defendants, further answering, allege that the
dividends or discounts allowed to them upon purchases made
of goods, wares, and merchandise from said bankrupt during
said years were allowances made to them as an inducement
to them to trade and make purchases in the store of said
bankrupt at Rubicon, Wisconsin, which they did by virtue of
said dividends or discounts so allowed to them; that said

dividends or discounts were not paid in cash, but these defendants were given goods, wares, and merchandise out of the store of said bankrupt for the dividends or discounts so allowed; that during all of said times, stores in towns, villages, and cities surrounding said town of Rubicon either gave trading stamps or allowed purchasers discounts upon purchases of goods, wares, and merchandise made by them in stores of said towns, villages, and cities in order to induce people to trade in said stores, and had they done their trading in other stores surrounding said town of Rubicon they would have been allowed their discount and would not be called upon to refund the same, and they deny liability for same."

To the defense set up in the fifth paragraph the plaintiff entered a general demurrer. The court sustained the demurrer, and from an order entered accordingly certain of the defendants appealed.

*J. C. Russell* of Hartford, for the appellants.

*J. H. Schnorenberg* of Hartford, for the respondent.

VINJE, C. J.    The trial court evidently construed the allegations of the fifth paragraph of the answer to admit that dividends were declared to the stockholders in goods at a time when there were no profits to divide and when the company was in fact bankrupt. So construed the court reached the proper conclusion, for the defendant, though a co-operative corporation, was within the statute (sec. 1765, Stats. 1921; sec. 182.19, Stats. 1923) and subject to the prohibition thereof not to declare dividends when there were no net profits to divide.

It is a familiar principle of law that a pleading should be liberally construed in favor of the pleader. Applying this principle to the contents of the fifth paragraph, we reach the conclusion that the pleader intended to and did allege that what the defendants received were only the customary trade discounts that were given by stores generally in that vicinity to their customers, and that these discounts were given to all customers of the company whether members of it or not.

So construing the answer, we think the trial court erred in sustaining the demurrer. If the proof should disclose that the so-called discounts were not ordinary trade discounts, but were in fact dividends declared out of capital and not out of net profits, then there would be liability on the part of the defendants to repay them.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer and for further proceedings according to law.