THEODORE M. COX, as Trustee in Bankruptcy of KINGSBURY-LEAHY COMPANY, Bankrupt, Respondent, Appellant, *v.* EDWARD W. LEAHY, Individually and as Administrator with the Will Annexed, etc., of JESSIE M. SWEENEY, Deceased, Appellant, Respondent, Impleaded with JACOB S. KINGSBURY, Defendant.

Third Department, May 8, 1924.

Corporations — action against estate of director to recover under Stock Corporation Law of 1909, § 28 (now Stock Corporation Law of 1923, § 58), loss by payment of dividend in violation of section — action may be maintained by trustee in bankruptcy — dividend may be declared if there is actual surplus of assets — burden of showing amount of impairment of capital is on plaintiff — findings of referee as to value of assets sustained except that error in account should have been corrected and unearned insurance premiums should have been allowed as assets — prepaid taxes not assets — interest properly allowed on impaired capital from time of payment of dividend — difference between salaries voted and paid not liability since difference was waived.

A trustee in bankruptcy of a corporation may maintain an action against the estate of a director to recover any loss sustained by the corporation or its creditors, respectively, by reason of the payment of a dividend in violation of

section 28 of the Stock Corporation Law of 1909 (now section 58 of the Stock Corporation Law of 1923) which resulted in the impairment of the capital.

A dividend may properly be declared where there is a surplus of assets over liabilities, although that surplus is not represented by cash on hand and, if necessary, the corporation may borrow money to pay the dividend where an actual surplus exists.

The burden of showing that the directors declared and paid a dividend in violation of said section of the Stock Corporation Law is on the plaintiff.

The findings of the referee as to the value of the assets of the corporation at the time the alleged illegal dividend was paid should be sustained except that an error of approximately $3,000 which was testified to by plaintiff's witness and which should have been added to the assets side of the account should have been corrected by the referee and the referee should have allowed as assets the amount of unearned premiums on insurance policies.

Prepaid taxes do not represent an asset of the corporation, since they are in nowise available for a refund and are paid for past expenses of government as well as future.

Interest is properly allowable on the amount of the impairment of the capital from the date of the payment of the illegal dividend.

The difference between the salaries voted to the officers of the corporation in this case and the salaries actually received by them does not represent a liability of the corporation, since it appears that the officers accepted payment of the smaller amounts from month to month and made no claim for back salaries until after bankruptcy, the effect of which was to waive any claim therefor.

Cross-appeals by the plaintiff, Theodore M. Cox, as trustee, and by the defendant, Edward W. Leahy, individually and as administrator with the will annexed, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 8th day of November, 1923, upon the report of a referee appointed to hear and determine the whole issues.

The plaintiff appeals only from so much of said judgment as limits the amount of his recovery; the defendant appeals from the entire judgment.

*Mills & Mills [John F. O'Brien* and *Borden H. Mills* of counsel], for the plaintiff.

*W. L. L. Peltz [Martin T. Nachtmann* of counsel], for the defendant Leahy.

Van Kirk, J.:

The plaintiff is the trustee in bankruptcy of the Kingsbury-Leahy Company. There were three causes of action stated in the complaint, but of these the cause of action tried and decided was the action under section 28 of the Stock Corporation Law of 1909,* to recover the loss sustained by the corporation or its creditors by the

---

* Now Stock Corp. Law of 1923, § 58. See Laws of 1923, chap. 787, §§ 3, 5, 6.— [F. Ep.

declaration and payment of a fifty per cent dividend. The trustee in bankruptcy of the corporation may maintain such an action. The cause of action survives the death of a party defendant. (*German-American Coffee Co.* v. *Johnston, No. 1*, 168 App. Div. 31.) Section 28 of the Stock Corporation Law of 1909, so far as material, is as follows: " Liability of directors for making unauthorized dividends. The directors of a stock corporation shall not make dividends, except from the surplus profits arising from the business of such corporation, nor divide, withdraw or in any way pay to the stockholders or any of them, any part of the capital of such corporation, or reduce its capital stock, except as authorized by law. In case of any violation of the provisions of this section, the directors under whose administration the same may have happened, except those who may have caused their dissent there-from to be entered at large upon the minutes of such directors at the time, or were not present when the same happened, shall jointly and severally be liable to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or its creditors respectively by reason of such with-drawal, division or reduction." The words " capital of such corporation " mean property capital; and property accumulated by the corporation in excess of its capital stock at par constitutes the surplus profits and may be so regarded in the declaration of dividends. (*Equitable Life Assur. Soc.* v. *Union Pacific R. R. Co.*, 162 App. Div. 81; affd., 212 N. Y. 360.) The amount of the directors' liability under this section of the statute is confined to the loss sustained by the corporation or its creditors by the wrongful payment of the dividend; that is, to the amount that the dividend paid exceeded the surplus profits of the corporation at the time. (*Shaw* v. *Ansaldi Co., Inc.*, 178 App. Div. 589, 599.) The directors of a corporation may declare and pay a dividend when the corporation has surplus profits equal to or greater than the amount of the dividend paid. The fact that the corporation has not the ready funds sufficient to pay the dividend, and, therefore, borrows money with which to pay the dividend, does not render the declaration and payment illegal. (*Gilbert Paper Co.* v. *Prankard*, 204 App. Div. 83.)

On April 8, 1912, the Kingsbury-Leahy Company was incorporated under the Stock Corporation Law of New York State, with an authorized capital of $40,000, divided into 400 shares of the par value of $100 each. The purpose of the corporation was to deal in, sell, operate and let for hire automobiles and other vehicles, and to buy, sell and deal in goods and merchandise incidental to the operation, building, repair and equipment of

such vehicles. The entire capital stock was issued to Jacob S. Kingsbury in exchange for two pieces of real estate in the city of Albany, and the business carried on, and property used in said business, which Kingsbury conducted and had on these premises. Kingsbury thereafter conveyed 200 shares of the stock to the defendant Leahy. Kingsbury, Leahy and Jessie M. Sweeney were chosen directors of the corporation in 1912 and they continued to serve as such until October 18, 1916, when Leahy and Jessie M. Sweeney resigned. Jessie M. Sweeney died in October, 1918, and the defendant Edward W. Leahy, as administrator with the will annexed, is the administrator of her estate. The corporation was adjudicated bankrupt on March 4, 1919.

The corporation did a considerable and generally improving, business, but no dividend was declared until October 18, 1916, when the dividend in question was declared and paid. This dividend was declared, the three directors being present and no director dissenting.

To what extent the property capital was impaired by the payment of the dividend is the question to be determined, and the dispute is confined to a few of the items in the statement of assets and liabilities. The burden of showing the amount of the impairment on October 18, 1916, rests upon the plaintiff.

We will consider the items questioned separately.

The first item; the value of the real property: There is no dispute that, when the company began business in 1912, its property capital equalled its stock capital, $40,000:

| | |
|---|---:|
| The real estate was then of the value of | $52,000 |
| Subject to mortgages | 18,000 |
| The equity therein was | $34,000 |
| The remaining property capital was in machinery, tools, supplies, etc. | 6,000 |
| Total | $40,000 |

The referee has found that the value of the real property was $52,985.54. There had been certain improvements made upon the real estate and the appellants urge that the value of these should be added to the value of the real estate. The referee has allowed a small increase on this account and has found that on October 18, 1916, the real property owned and occupied by said corporation and used by it in the conduct of its business had been maintained in first-class condition and improvements had been made thereto and thereon and that any depreciation suffered by said real property during said period had been balanced by

said maintenance and improvements. These findings are justified by the evidence and the value of the real estate as fixed by the referee is approved.

Second item; the stores account. The balance of this account, as found by the referee, is $6,404.73. It is conceded and the referee has found that there is an error in the account; that the sum of $2,837.83 should be added to the asset side of the account. The referee found at the request of the plaintiff that the surplus of assets over liabilities is $16,560.98 and that, " because of an error in bookkeeping respecting the so-called ' Work in Process Account,' the true and real surplus of assets over liabilities, according to the books of account of the said corporation, was $19,198.81.".

The plaintiff contends that, while this error exists on the assets side of the account, it has not prejudiced the defendant, appellant. The stores account contains a statement or an inventory of the supplies on hand on January 1, 1916 and of the supplies purchased thereafter until September 30, 1916. On the other side of the account are the credits allowed for the supplies withdrawn. Since these supplies were constantly withdrawn for construction and repair work, plaintiff claims the items for withdrawal are too small. He argues that the amount withdrawn would equal the amount of the $2,837.83. The difficulty with this position is that the evidence does not support it, and the error is disclosed by plaintiff's examination of his own witness, who says that the inventory value of the stores account should be " $2,837.83 larger " and that the profit for the nine months ending October 1, 1916, should be $3,600, instead of $762.23. In fixing the " profit " he considered and fixed both sides of the account; if items should have been entered on the other side of the account, the accountant would have so testified. The surplus profits should be increased by $2,837.83.

Third item; prepaid insurance and taxes. The prepaid insurance, we think, was an asset. It had an actual value belonging to the company. Not only in law is it an asset, but in practice prepaid insurance is uniformly entered as an asset in making the balance sheet of a business; the asset account should be increased by the amount of the unearned premiums, $590.04. We think prepaid taxes rest on a different basis. They are in nowise available for a refund and are paid for past expenses of government as well as future.

Fourth item. The referee has found the cash balance on October 18, 1916, to be $1,480.71. This does not dispute plaintiff's Exhibit No. 60, which shows the balance on October 1, 1916, to be $1,005.41. It was a going business and the cash item varied. There is evidence to support this finding.

The referee's conclusion that the surplus profits, at the time

of the dividend, were $15,215.29 is questioned in connection with the surplus profits as shown by plaintiff's Exhibit 60, $16,127.12, and his finding at plaintiff's request that, as shown by the books of the company, this surplus is $16,560.98. There is no necessary inconsistency in these findings. Plaintiff's Exhibit 60 shows the surplus profits as of October 1, 1916; the referee was to determine the surplus profits as of October 18, 1916. In plaintiff's Exhibit 60 the two items, prepaid insurance and prepaid taxes, in the total amount of $750.39, were entered as assets, but the referee disallows them. The remaining difference arises from a number of items chiefly connected with the value of the real estate and depreciation thereof. We have concluded that the surplus profits, as fixed by the referee, is fair and justified, except as to the two items above considered.

The referee properly allowed interest upon the amount of the impaired capital. The statute allows a recovery to the full amount of any loss sustained by the corporation or its creditors. The corporation was deprived of the property when the dividend was paid and the interest from that date is a part of the loss suffered by the corporation or its creditors.

The plaintiff upon his appeal urges that the amounts of unpaid salary to Kingsbury and Leahy should be charged as a liability of the company. It seems that, by resolution of the board, the salaries of Kingsbury and Leahy were fixed at $175 per month, but they have drawn a much smaller sum. In our view the referee properly refused to consider these items as liabilities. The officers accepted payment of salary from month to month at a smaller sum. Kingsbury and Leahy owned all the stock. No claim for their back salaries was made till after bankruptcy, and they must be deemed to have waived any claim therefor. The recital in the assignment, made by Leahy to Kingsbury, " including especially any and all claims for unpaid salary or wages which I may have against the said Company " is simply inserted for caution and to assure Kingsbury. It cannot be accepted as an assertion that Leahy had any claim for back salary or wages; when he executed his release to Kingsbury he gave a release " from all claims and demands whatsoever in connection with the sale of my stock to him," and his receipt for his last salary is a receipt in full. We do not think that, having disregarded the resolution until Leahy withdrew from the corporation, either Leahy or Kingsbury could be heard in any court to claim for salary prior to that time.

All parties on this appeal claim that no additional proof can be furnished upon a retrial of the case and we are asked to make a final determination.

The judgment should be modified as above stated and as modified affirmed, without costs.

Finding 16 is modified by including as " assets " two items, $2,837.83 and $590.04; and finding 21 is modified by substituting for the figures $4,784.71 the figures $1,358.84. The judgment should be modified accordingly and, as modified, affirmed, without costs.

Judgment modified in accordance with the opinion and as modified unanimously affirmed, without costs. HINMAN, J., not sitting. Finding of fact numbered 16 is modified by including as assets two items as stated in the opinion; additional allowance granted by court below reduced to five per cent on the amount of the recovery as determined by this modification.