STEVIRMAC OIL & GAS CO. v. SMITH et al.

(District Court, E. D. Oklahoma. May 1, 1919.)

No. 2258.

1. CORPORATIONS ⊜⇒563(1)—UNLAWFUL DIVIDENDS—LIABILITY OF DIRECTORS —ACTION BY RECEIVER—OKLAHOMA STATUTE.

Under Rev. Laws Okl. 1910, § 1254, prohibiting directors from making dividends, except from surplus profits, and providing that for its violation they shall be individually "jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution," to the full amount of the capital divided, as the provision was construed by the Supreme Court of the territory, an action at law cannot be maintained by a receiver against directors thereunder for the benefit of either the corporation or its creditors, unless the corporation has been dissolved as provided by statute.

2. STATUTES ⊜⇒231—CONSTRUCTION—ADOPTION OF PROVISIONS PREVIOUSLY CONSTRUED.

A statute of Oklahoma Territory, continued in force by the state Constitution and afterward carried into the statutes of the state in their revision by the Legislature, carries with it the construction placed upon it by the Supreme Court of the territory.

3. CORPORATIONS ⊜⇒563(1)—RECEIVERS—POWERS—ACTION TO ENFORCE STATUTORY LIABILITY OF DIRECTORS.

A receiver for a corporation cannot maintain an action to enforce the statutory liability of officers or directors, unless expressly so authorized by statute.

At Law. Action by the Stevirmac Oil & Gas Company against J. A. Smith and others. On demurrer to petition. Demurrer sustained.

C. R. Thurlwell, of Tulsa, Okl., for plaintiff.

Geo. S. Ramsey, of Muskogee, Okl., and Edgar A. DeMeules and Sol. H. Kauffman, both of Tulsa, Okl., for defendants.

WILLIAMS, District Judge. Plaintiff, complaining of the defendants, J. A. Smith, Virgil Hicks, H. H. McFann, S. S. Owen, W. H Irvan, and D. H. Salrin, by and through its receiver, Earl Sneed, avers: That C. F. Dittman, L. H. Dittman, J. A. Dittman, and the C. E. Dittman Oil & Gas Company were and are creditors of said plaintiff corporation; that on the 17th day of December, 1912, the said C. F. Dittman and J. A. Dittman, as citizens and residents of the state of Pennsylvania, and the C. E. Dittman Oil & Gas Company, a corporation organized under the laws of the state of Delaware and domiciled in said state, recovered judgment against said plaintiff corporation in the sum of $9,675, and an additional sum of $200 for costs and interest thereon, in the Circuit Court of the United States for the Western District of Pennsylvania. That said creditors thereafter, on August 22, 1913, caused to be issued an execution on said judgment, which was in due course returned nulla bona. That said creditors on October 4, 1913, brought an action on said judgment in the United States Court for the Eastern District of Oklahoma, and thereafter in due course judgment was rendered in favor of said creditors against said plaintiff. That on December 13, 1913, an execution was issued

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

out of the United States Court for the Eastern District of Oklahoma on said execution, and in due course same was returned nulla bona. That on September 26, 1914, on application of said creditors, this court appointed Earl Sneed receiver of said corporation, and directed him to institute any suits necessary for the recovery of sums due said corporation. That prior to the bringing of said action by the said Dittmans in the United States Court for the Western District of Pennsylvania said Dittmans were creditors of and had a valid account against said plaintiff corporation, and same was reduced to judgment as above recited. That at all times hereinbefore mentioned the defendants knew that said Dittmans were creditors of the said plaintiff corporation. That on January 5, 1912, whilst said Dittmans were creditors of said plaintiff corporation its said directors, the defendants herein, sold and disposed of its property, the same being oil and gas leases as described in said petition. That said leases covered lands located and situated in Okmulgee county, said sale being made to J. A. Twichell and Emery Myers, of Pittsburgh, Pa., for the sum of $150,000. That said sum was paid by said Twichell and Myers, of Pittsburgh, Pa., to the said defendants, as officers, agents, and directors of the plaintiff corporation. That the said directors passed a resolution directing the proper officers to execute and deliver to said Twichell and Myers a valid and legal assignment of all of said property. That all of said directors were present at said meeting and voted in favor of such resolution. That on or about January 15, 1912, said defendants, as directors, at a meeting held for such purpose and with the intent and for the purpose of defeating said creditors, divided the whole of the proceeds realized from the sale of said leases and paid same to the stockholders, without reserving a sufficient sum to satisfy and pay the account, claim, and judgment of said Dittmans. That the said leases and property sold as aforesaid were part and parcel of the capital stock of said plaintiff corporation. That said defendants were present at said meeting, when said division of the assets and capital stock, and the proceeds realized from the sale of said leases, was made, and participated therein, and consented to the division and payment of said sums so realized from said sale and a division of its capital stock, then and there knowing that the said Dittmans were creditors of said corporation, but notwithstanding said knowledge, and with the intent to defraud, hinder, and delay said Dittmans from realizing on their said judgment, held said meeting and made said divisions. That the claims of said Dittmans and the said Dittman Oil & Gas Company are the only claims outstanding against said plaintiff corporation, and said plaintiff has no other property with which to satisfy and pay the same. Then follows the prayer for judgment against said defendants for the full amount of the capital stock of said company so divided, withdrawn, paid out, and reduced, up to the principal sum of $9,675 and $200 costs, and interest thereon from a certain day in June, 1912, at the rate of 6 per cent., together with a reasonable receiver's fee and reasonable attorney's fee for the bringing of said action.

[1] The defendants insist that this action cannot be maintained by the receiver without said corporation first having been dissolved by

judgment of a court having jurisdiction of such action. Section 1254, Revised Laws of Oklahoma 1910, is as follows:

"The directors of corporations must not make dividends except from the surplus profit arising from the business thereof, nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock; nor must they create debts beyond their subscribed capital stock, or reduce or increase their capital stock, except as specially provided by law. For a violation of the provisions of this section, the directors under whose administration the same may have happened (except those who may have caused their dissent therefrom to be entered at large on the minutes of the directors at the time, or were not present when the same did happen), are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the capital stock so divided, withdrawn, paid out, or reduced, or debt contracted; and no statute of limitations is a bar to any suit against such directors for any sums for which they are made liable by this section. There may, however, be a division and distribution of the capital stock of any corporation which remains after the payment of all its debts, upon its dissolution or the expiration of its term of existence."

Section 1254 was construed by the Supreme Court of Oklahoma Territory in Topeka Paper Co. v. Oklahoma Publishing Co., 7 Okl. 220, 54 Pac. 455, and Rogers et al. v. Bonnett et al., 2 Okl. 553, 37 Pac. 1078. The former case was an action against the directors by a creditor. The court held that—

"Before any liability could be claimed or set up, or could have accrued, so that an action could be brought against the defendants for the debts of the corporation, the event of its dissolution must have already occurred, which, as is expressly provided, * * * could only have taken place upon the 'expiration of the time' limited by its articles of corporation, or by the judgment of a competent court."

In the latter case a creditor recovered judgment against the corporation, and after execution returned "nulla bona" a receiver was appointed. The receiver recovered judgment against the directors without the question being adjudicated by the appellate court. One of the directors, however, having paid off the judgment, brought an action for contribution. On appeal in the subrogation action, the defendant assigned as error that the complaint did not state facts sufficient to constitute a cause of action, and that his demurrer in the lower court covering such objection:

"That contribution cannot be enforced in this case, since the statute under which this action is brought, to wit, section 10, art. 3, c. 18, St. of Oklahoma of 1890 [identical statute now under consideration] provides that 'directors of corporations must not make or create debts beyond their subscribed capital stock; * * * for a violation of the provisions of this section, * * * they are in their individual and private capacity jointly and severally liable to the corporation and to the creditors thereof in the event of its dissolution, to the full amount of the debts contracted.'"

The court in its opinion then stated:

"It is hereby provided that for a violation of its provisions the directors shall be liable in their individual and private capacity, both jointly and severally, to the corporaton and its creditors. The provision here made is for the benefit of the corporation itself and its creditors. No relief is afforded by it to the directors, by which the liability is created, as between themselves and against each other, for contribution. If any such relief exists,

It must be drawn from the principles of the common law. This suit is in no sense a suit upon contract. It is a suit brought, as the pleadings and evidence show, to enforce a liability created by statute. That makes this a case to enforce a penal liability or penalty. A liability created by the statute is in the nature of a punishment for a violation of its provisions, and is therefore a penalty for wrongdoing. * * * A penalty or penal sum is a sum of money payable as an equivalent or punishment for an injury. * * * A statute providing that officers of certain corporations shall be personally liable for the debts of the corporation in case they fail to file the annual certificates of their condition, imposes a penalty (Mitchell v. Hotchkiss, 48 Conn. 9 [40 Am. Rep. 146]; 3 Williams' Ex'rs [3d Am. Ed.] 1729; U. S. v. Daniel, 6 How. 11 [12 L. Ed. 323]; and those upon whom the penalty is imposed are in the eye of the law wrongdoers."

Section 1269, Revised Laws of Oklahoma 1910 (section 993, Session Laws Okl. 1890), provides for the dissolution of corporations (1) by expiration of the time limited by its articles of incorporation; (2) involuntary dissolution; (3) voluntary dissolution.

Section 1270 (section 993, Session Laws Okl. 1890) provides the machinery and manner for a voluntary dissolution: (1) Jurisdiction in district court; (2) written application to show that at a meeting of the stockholders, duly called, dissolution was resolved by a two-thirds vote of the stockholders, and that all claims and demands against it had been satisfied; (3) application to be signed by a majority of the board of directors and verified; (4) the court to require notice to be given by publication or posting of such application; (5) objections may be filed; (6) application to be heard, and an order as to dissolution; (7) judgment and provision for appeal.

Prior to the Revised Laws of 1910, no specific statutory provision obtained as to procedure for involuntary dissolution, other than sections 1274 (section 5357, St. Okl. 1893), 1275 (section 5358, St. Okl. 1893), and 1276 (section 5359, St. Okl. 1893). But in the Revised Laws of 1910 is contained section 1271, which provides in detail the machinery for an involuntary dissolution: (1) Action to be brought in the name of the state, on relation of its county attorney, to forfeit charter for grounds set out in paragraphs 1, 2, 3, 4, and 5. Section 1276 provides that, when the judgment is rendered as provided in section 1275, the county attorney shall institute proceedings for appointment of receiver to be made by the court rendering the judgment of ouster, "said receiver to take an account of its property and make distribution among its creditors."

Section 4982, Revised Laws of Oklahoma 1909, provides that a receiver has—

"under the control of the court, power to bring and defend actions in his own name, as receiver; to take and keep possession of the property, to receive rents, to collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the courts may authorize."

The contention on the part of plaintiff is that, the directors being "jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution," such receiver, without an adjudication of dissolution of the corporation, may bring an action to recover by virtue of section 1254. However, the holding of the Su-

preme Court of Oklahoma Territory is otherwise, and the letter of said section appears to be against plaintiff's contention. The statute does not read "jointly and severally liable to the corporation, and to the creditors thereof in the event of its dissolution." The words "to the creditors thereof" being set off by commas, the clause "in the event of its dissolution" limits the clause "jointly and severally liable to the corporation," as well as the words "to the creditors thereof."

Appleton v. American Malting Co., 65 N. J. Eq. 375, 54 Atl. 454, is cited in support of plaintiff's contention. The statute there under consideration declares that for the certain prohibited impairment of the capital of the corporation the directors shall—

"be jointly and severally liable at any time within six years to the corporation and to its creditors in the event of its dissolution or insolvency to the full amount of the capital stock so divided, withdrawn, paid out or reduced."

The words "or insolvency" are not contained in section 1254. Then the Oklahoma courts hold such statute to be at least penal in its nature, whilst that of New Jersey is held by its courts to be rather remedial. Stoltz v. Scott, 23 Idaho, 104, 129 Pac. 340, is also cited by plaintiff. But neither the Idaho nor New Jersey cases can be considered here as an authority, as the Oklahoma appellate court appears to have settled this question.

[2] The Constitution in its Schedule continued in force in the state section 1254, and that carried with it such prior construction to the same effect as if it had been made by the Supreme Court of the state. Frick Co. v. Oats, 20 Okl. 473, 94 Pac. 682; section 2, Schedule to the Constitution (section 366, Williams' Am. Ed.).

The Legislature is required decennially to make provision for revising, digesting, and promulgating the statutes of the state. Section 43, art. 5, Constitution (section 105, Williams' Am. Ed.). In such revision section 1254 was brought into the Revised Code as it was contained in the Statutes of Oklahoma Territory. In this adoption, the Legislature was presumed to have known the judicial construction which had theretofore obtained, and its re-enactment substantially the same as it was contained in the former statutes is a legislative adoption of its known judicial construction. 36 Cyc. 1168.

Such construction of the state statute by the highest appellate state court constitutes the rule of decision for this court; no question of the impairment of contract rights or affecting the United States or federal Constitution or treaties or rule of commercial or general law being involved.

[3] It appears to be settled by the weight of authority that a receiver cannot maintain an action to enforce the statutory liability of officers or directors, unless he is specially so authorized by statute. Colton v. Mayer, 90 Md. 711, 45 Atl. 874, 47 L. R. A. 617, 78 Am. St. Rep. 456; Minneapolis Baseball Co. et al. v. City Bank et al., 66 Minn. 441, 69 N. W. 331, 38 L. R. A. 415; Runner v. Dwiggins, 147 Ind. 238, 46 N. E. 580, 36 L. R. A. 645; Minnesota Threshing Mfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310.

In view of the conclusion that a recovery cannot be had by virtue

of section 1254, until after an adjudication of the dissolution of the corporation, it is not essential to determine whether said statute, which at least in some aspects has been termed in Rogers v. Bonnett, supra, as a penal statute or law, is penal in an international sense so that it cannot be enforced in courts of another state or sovereignty. See Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; Wisconsin v. Pelican Insurance Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239; Perkins v. Boston & A. R. Co. (C. C.) 90 Fed. 321.

In Collins v. Kaw City Mill & Elevator Co., 26 Okl. 641, 110 Pac. 734, the Supreme Court of Oklahoma quotes with approval the following excerpt from C., R. I. & P. R. R. Co. v. Howard, 7 Wall. 392, 19 L. Ed. 117, to wit:

"Equity regards the property of a corporation as held in trust for the payment of the debts of the corporation, and recognizes the right of creditors to pursue it into whosesoever possession it may be transferred, unless it has passed into the hands of a bona fide purchaser; and the rule is well settled that stockholders are not entitled to any share of the capital stock nor to any dividend of the profits until all the debts of the corporation are paid. Assets derived from the sale of the capital stock of the corporation or of its property, become, as respects creditors, the substitutes for the things sold, and as such they are subject to the same liabilities and restrictions as the things sold were before the sale, and while they remained in the possession of the corporation. Even the sale of the entire capital stock of the company and the division of the proceeds of the sale among the stockholders will not defeat the trust nor impair the remedy of the creditors, if any debts remain unpaid, as the creditors in that event may pursue the consideration of the sale in the hands of the respective stockholders, and compel each one, to the extent of the fund, to contribute pro rata towards the payment of their debts out of the moneys so received and in their hands. * * * Moneys derived from the sale and transfer of the franchises and capital stock of an incorporated company are assets of the corporation, and as such constitute a fund for the payment of its debts, and if held by the corporation itself, and so invested as to be subject to legal process, the fund may be levied on by such process; but if the fund has been distributed among the stockholders, or passed into the hands of other than bona fide creditors or purchasers, leaving any debts of the corporation unpaid, the established rule in equity is that such holders take the fund charged with the trust in favor of creditors, which a court of equity will enforce, and compel the application of the same to the satisfaction of their debts."

The corporation, through its receiver, may maintain for the benefit of the creditors such an action in equity to enforce the trust on such corporate funds received by each stockholder. It follows that defendants' demurrer to plaintiff's petition in this action at law to recover from the defendants as directors of said corporation such penalty for the benefit of creditors should be sustained. However, if the plaintiff desires to amend said petition, so as to reach the alleged trust funds in the hands of the stockholders and add additional parties, for such purpose he will be allowed 30 days. Then this action may be transferred from the law side to the equity side of the docket for further consideration. Montgomery's Manual of Federal Procedure (2d Ed.) § 840; equity rule 22 of chapter 37, § 5.