UNITED STATES RUBBER COMPANY v. EAGLE
TRANSPORTATION COMPANY.
R. L. GLYNN, APPELLANT; GEORGE EBERT, RESPONDENT.[1]

May 26, 1933.

No. 29,374.

[1] Reported in 248 N. W. 729.

*Junell, Driscoll, Fletcher, Dorsey & Barker* and *David Bronson,* for appellant.

*Courtney & Courtney* and *John T. Kenny,* for respondent.

*HOLT, Justice.*

The appeal is from an order of assessment against a stockholder.

Plaintiff obtained a money judgment against defendant. Execution was returned unsatisfied, and thereupon respondent was appointed receiver of defendant. Defendant is organized under the laws of Delaware for the sole purpose of conducting bus lines in this state only, and it did so during its existence. It complied with our laws relative to foreign corporations doing business here. When the receiver qualified he found no assets of any value. Notice to creditors to file claims was given. Claims were filed and allowed in the total amount of $5,936.92. Thereupon the receiver presented a petition to the court setting forth the facts just stated and that the corporation had issued to appellant Glynn 80 shares of its stock of the par value of $100 a share for no real or actual consideration, and also that the corporation had issued to said Glynn 240 shares of its capital stock of the par value of $24,000 for which Glynn paid only $6,000. He also set forth a statute of the state of Delaware in force when the stock was issued which reads [Revised Code 1915, § 1934, subsection 20] :

"When the whole capital stock of a corporation shall not have been paid in, and the assets shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of the par value of such share as fixed by the charter of the company or its certificate of incorporation, or such proportion of that sum as shall be required to satisfy the debts of the company, which said sum or proportion thereof may be recovered as provided for in § 49 of this chapter, after a writ of execution against the corporation has been returned unsatisfied, as provided in § 51 of this chapter."

Section 1963, subsec. 49, is also set out and in substance permits any creditor to sue stockholders who are liable under § 1934, subsec. 20, in which case the complaint shall state the claim against the corporation and the ground upon which the plaintiff expects to charge the defendants personally, or the person may sue in chancery. Section 1965, subsec. 51, provides that no suit shall be brought against stockholders for any debt of the corporation unless a judgment has been obtained therefor against it and execution has been returned unsatisfied.

The petition stated that it would be necessary for the court to take testimony to determine the amount it will be necessary to recover from Glynn because of the sale of the stock at less than par, in order to pay the claims allowed and expenses of the receivership, and directing Glynn to pay within a set time; and the petitioner prayed that an order to show cause issue, a hearing be had, and an order be made fixing the liability of Glynn and authorizing petitioner to institute an action to recover the amount assessed. The order to show cause issued, and the hearing was had, at which both oral testimony and affidavits and documents were received. At the hearing the court rightly refused to go fully into the merits of the consideration paid for the stock and its character as treasury stock or otherwise; but made an order from which Mr. Glynn appeals. The order, after finding the amount of claims and that the receiver's expenses were $169.43 and that the necessary expenses, including attorney's fees, to complete the receivership would be $1,500, reads:

"Ralph L. Glynn is liable for the amount necessary to discharge defendant corporation's obligations to its creditors, after paying the expenses of this proceeding. It is therefore ordered that the said Ralph L. Glynn pay to the receiver the sum of $8,214.90 for and on account of the capital stock of the defendant corporation issued to him for less than par, and the same is hereby assessed upon and against the shares of stock so held by Ralph L. Glynn for and on account of the said stock owned and held by him and issued at less than par," and it was further ordered that Glynn pay

the amount within 20 days after notice of the order, and if not so paid, the receiver is directed to sue him.

The first proposition made by appellant is that the court had no jurisdiction to make an order of assessment, since this was a Delaware corporation. It is not necessary to decide whether a court of this state has authority to assess stock of a foreign corporation whose stock is subject to double liability, so-called. It appears in this case that this corporation was organized under the Delaware law to do business solely in this state. It here engaged in business and nowhere else. Here the claims allowed against it were contracted. Here all its stockholders reside. In fact, it is not claimed that any stockholder other than Mr. Glynn owns stock which was not fully paid for. In a case of that sort no good reason can be urged against the right and duty of our courts to entertain jurisdiction to enforce in behalf of creditors payment in full against the lone stockholder who holds stock partly or wholly unpaid. And we so hold.

But there is no occasion in such a case for the assessment of such stock preliminary to suit. The question was simply whether or not the receiver should be authorized to bring suit against this one stockholder. Had no receiver been appointed, any creditor having placed his claim in judgment, upon which an execution was returned unsatisfied, could have sued Glynn to recover if Glynn had received corporation stock for which he had paid less than par. Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 139 N. W. 606, 43 L.R.A.(N.S.) 706. The only difference between a creditor and a receiver of an insolvent corporation with respect to the right to sue and recover of stockholders therein the part of the par value of the stock owned for which payment has not been made is that the creditor pays his own expenses and cannot use up the assets of the corporation in so doing, while the receiver, representing all the creditors, may squander what assets of the corporation that may have come into his hands in fruitless actions against stockholders. The primary liability to creditors is that of the corporation. The secondary is that of the stockholder who has paid less

than par for the stock he bought of the corporation. The court should order the receiver to sue only upon a showing of the amount of creditor's claims allowed, that these claims cannot be paid out of the corporation assets, the amount necessary to collect upon the secondary liability of the stock not paid for in full, and lastly that there is reasonable probability of a recovery of a sufficient amount to justify the expense of suit. Upon the application to the court for leave to sue, in a case like this, it is neither advisable nor proper to go into the merits of the question whether the stockholder, intended to be sued, has fully paid for his stock or to what extent he has not, or whether he is an innocent purchaser and protected under the laws of the corporation's domicile, or whether he has any other defenses to the suit.

On the face of the order it obviously goes too far, for the attorneys for the receiver claim that the order has fixed the liability of Glynn and the amount he must pay. After so asserting, the brief says:

"Hence, we believe defendant is foreclosed from again and later raising the same defenses asserted here, namely, that his was treasury stock; that he was an innocent purchaser; * * * These defenses have all been urged as reasons why the court should not assess defendant or direct suit. So far as these defenses urged below defendant should have no second (or, in reality, third) trial. It is on this assumption that we shall proceed to discuss the points claimed."

The assumption is wrong. Respondent speaks of Glynn as defendant. He has not been sued. The order appealed from grants leave to sue. As stated before, this was not properly a case of an assessment of stock, as ordinarily understood in our practice. An order of assessment is necessary and proper where resort is had under the so-called stockholders' double liability law. There it is necessary to determine that the corporation is one where a "double liability" existed. If so, an assessment could be made; otherwise not. If made, all the stock must be assessed the same amount. In a case where the claim is made that some stock is bonus and some

obtained for less than par, it seems clear that no assessment should be made, for it is impossible to determine in advance of a full trial under what conditions or for what price it was acquired. The same stockholder may hold shares obtained at different times and at different prices.

In this case of a foreign corporation organized for the sole purpose of doing business in this state and doing only such business, the only claims allowed being here contracted, all stockholders here residing, only one of whom is claimed to be a holder of stock obtained at less than par, the court may properly grant the receiver leave to sue, but the order should carefully omit to fix liability. That should be reserved for determination in the action the receiver is given leave to bring. The only determination proper for the court to make is to limit the recovery to what is sufficient to pay the claims allowed and a fixed amount for the expense of the receivership. In the suit brought by leave of court the applicable law will be applied to the facts as brought out in the trial; and in advance of what facts the trial will develop it is useless to discuss the many authorities cited by counsel on both sides as to the law which should govern the decision.

The order is reversed.