## ROCKWOOD v. FOSHAY et al. (two cases).
### Nos. 9675, 9676.

Circuit Court of Appeals, Eighth Circuit.
Aug. 21, 1933.

Rehearing Denied Sept. 28, 1933.

626

John P. Dalzell, of Minneapolis, Minn. (M. B. Mitchell, of Minneapolis, Minn., on the brief), for appellant.

Samuel H. Maslon, of Minneapolis, Minn., for appellees.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and DEWEY, District Judge.

VAN VALKENBURGH, Circuit Judge.

This is a suit by the chancery receiver of the W. B. Foshay Company, a Delaware corporation licensed to do business in the state of Minnesota, to recover from appellees, as directors of said corporation, the amounts of dividends alleged to have been unlawfully declared and paid in violation of the provisions of sections 34 and 35 of the General Corporation Law of the state of Delaware (Rev. Code Del. 1915, §§ 1948, 1949, as amended by 35 Del. Laws, c. 85, §§ 16, 17) at that time in force.

These sections of the Delaware Corporation Law so far as pertinent read as follows:

"Sec. 34. *Dividends; Reserves:*—The directors of every corporation created under this Chapter, subject to any restrictions contained in its Certificate of Incorporation, shall have power to declare and pay dividends upon the shares of its capital stock either out of its annual net profits or out of its net assets in excess of its capital as determined pursuant to the provisions of Section 14 of this Chapter; provided, however, that if the capital of the corporation shall

have been diminished by depreciation in the value of its property, or by losses, or otherwise, to an amount less than the aggregate amount to which the holders of the issued and outstanding stock of all classes having a preference upon the distribution of assets would be entitled upon such distribution, the Directors of such corporation shall not declare and pay out of annual net profits any dividends upon any shares of any classes of its capital stock until such deficiency in its capital assets shall have been repaired. Subject to any restrictions contained in its Certificate of Incorporation, the directors of any corporation engaged in the exploitation of wasting assets may determine the annual net profits derived from the exploitation of such wasting assets without taking into consideration the depletion of such assets resulting from lapse of time or from necessary consumption of such assets incidental to their exploitation. * * *

"Sec. 35. *Dividends; How Declared and Paid; Violations of Section; Penalty; Exoneration from Liability:*—No corporation created under the provisions of this Chapter, nor the Directors thereof, shall pay dividends upon any shares of the corporation except in accordance with the provisions of this Chapter. Dividends may be paid in cash, in property, or in shares of the capital stock, in the case of shares with par value at par, and in the case of shares without par value at such price as may be fixed by the Board of Directors. In case of any willful or negligent violation of the provisions of this Section, the Directors under whose administration the same may happen shall be jointly and severally liable, in an action on the case, at any time within six years after paying such unlawful dividend, to the corporation and to its creditors, or any of them, in the event of its dissolution or insolvency, to the full amount of the dividend so unlawfully paid, with interest on the same from the time such liability accrued; provided that any Director who may have been absent when the same was done, or who may have dissented from the act or resolution by which the same was done, may exonerate himself from such liability by causing his dissent to be entered at large on the books containing the minutes of the proceedings of the Directors at the time the same was done, or forthwith after he shall have notice of the same, or by causing a true copy of such dissent to be published, within two weeks after the same shall have been so entered, in a newspaper published in the County where the corporation has its principal office."

Defendants moved to dismiss the bill of complaint on two grounds: (a) That the court did not have jurisdiction of the subject-matter, and (b) that the bill of complaint did not state facts sufficient to constitute a cause of action in equity. This motion was sustained by the trial court and the bill was dismissed. The contentions presented may be thus stated:

(1) Appellant contends that the bill states a good cause of action under the Delaware statute.

(2) If not so held, still the pleading is sufficient under the common law; the statute being merely declaratory thereof.

(3) The statute does not deprive the corporation of its primary right of recovery, even though the corporation be insolvent.

(4) The appellant receiver may enforce the rights of creditors, if recovery is solely in them in case of insolvency.

Appellees' contentions are that:

(a) The liability of the defendants (appellees), and all rights and remedies to enforce it, are governed and limited by the Delaware statute.

(b) That statute, by its terms, deprives the appellant receiver, in the event of corporate insolvency, of the right to enforce a director's liability of this nature, because a chancery receiver, in the absence of statutory authority, cannot enforce rights belonging exclusively to creditors; that the order of his appointment invests him with power to sue and recover only for such claims, estate, interest, and demand to which the corporation may be entitled.

(c) Federal jurisdiction cannot in this case be based upon the doctrine of ancillary jurisdiction.

The trial court, in its order dismissing the bill, held that this action is based upon the Delaware statute, which creates a liability unknown to the common law, and is not declaratory thereof; that the bill does not state a cause of action under the common law; that the Delaware statute, as construed by the highest court in the state of Delaware, vests the right to recover from directors, for dividends unlawfully declared, exclusively in the creditors if the corporation be insolvent; that a chancery receiver, such as appellant is, has no power, under the authority of his appointment, to institute a suit in behalf of creditors for the liability created in their favor by this statute; nor is there in the Delaware statutes any provision creating such power.

It seems necessary first to determine what power of recovery the statute confers, and upon whom. The language about which this controversy centers is the following from section 35 of the General Corporation Laws of Delaware (Rev. Code Del. 1915, § 1949, as amended by 35 Del. Laws, c. 85, § 17): "In case of any willful or negligent violation of the provisions of this Section, the Directors under whose administration the same may happen shall be jointly and severally liable, in an action on the case, at any time within six years after paying such unlawful dividend, to the corporation and to its creditors, or any of them, in the event of its dissolution or insolvency, to the full amount of the dividend so unlawfully paid, with interest on the same from the time such liability accrued."

It is conceded that the W. B. Foshay Company is insolvent. At the outset it may be said that it is unimportant to the decision of this case whether or not the pleading states a good cause of action under the common law, or whether the Delaware statute creates a new liability unknown to the common law. That statute fixes the liability of directors, specifies to whom that liability runs, and provides the procedure of enforcement. The pleading is expressly based upon the statute, and we think that statute governs the recovery sought. It is true that the remedy provided by the amended act is a law action on the case; but we think under the principles announced in many cases, a suit in equity, in order to insure a ratable distribution of a fund among creditors similarly situated, would not be inappropriate.

It is unnecessary also to discuss the question of ancillary jurisdiction. The applicable rule is announced in White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 1019, 40 L. Ed. 67: "Any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the circuit court, regardless either of the citizenship of the parties or of the amount in controversy."

Whether this suit is ancillary to the main receivership case depends upon whether it is for the collection of assets of the corporation, and, therefore, one in which the receiver may be a proper party plaintiff. It remains to consider upon whom the statute of Delaware confers the right of recovery, and by whom an action therefor may be brought. This statute has been expressly construed by the superior court of Delaware in John A.

Roeblings Sons Co. v. Mode, 1 Pennewill (Del.) 515, 43 A. 480, 481. Since then the statute has been amended, as shown by the following quotation from the applicable language of the act, the parts inserted by the amendment being enclosed within the brackets: "In case of any [willful or negligent] violation of the provisions of this section, the directors, under whose administration the same may happen, shall, in their individual capacities, jointly and severally, be liable [in an action on the case] at any time within the period of six years after paying any such [unlawful] dividend to the said corporation, and to the creditors thereof [or any of them] in the event of its dissolution or insolvency, to the full amount of the dividend made or capital stock so divided, withdrawn, paid out or reduced, with legal interest on the same from the time such liability accrued."

Both the trial court and counsel for appellant speak of this amendment as immaterial to this controversy. In the Roeblings Case the suit was an action on the case brought by an individual creditor under the statute as it stood before amendment. In the course of its opinion the court said, after quoting the statute: "It will be noted that by express language the directors' liability is to the corporation first, but, if it be dissolved or insolvent, then to the creditors."

This was a legitimate issue to be decided; one of the main questions being whether and to what extent rights in the creditors had been created. This construction of the Delaware court is made still more clear by subsequent language in its opinion: "Section 7 does not make the offending director so liable for the payment of the debts of the company in terms, and thereby create a separate liability to each creditor, nor does it authorize each creditor to sue separately for his individual claim. The section provides, broadly, that the illegal dividends, which constituted a part of the capital stock, shall be restored as a part of the common fund,—to the corporation, if in existence and solvent, and to the creditors in case of its dissolution or insolvency."

It will thus be seen that it is squarely decided that the exclusive right of recovery is in the creditors in case of insolvency. In that case, however, it was held that, under the statute as it then existed, a separate right in each creditor was not created, the amount to be recovered being a common fund to be distributed ratably among the creditors as their interests might appear.

In the light of this holding it seems to us that the language of the subsequent amendment, now in force, has significance. The action on the case was provided to meet the decision in the Roeblings Case, and a right of action was lodged in a single creditor by the words "or any of them." These words obviously apply only to creditors and do not include the corporation. This construction of the Delaware statute is logical and reasonable. After insolvency or dissolution recoveries of this nature in practice do not become a part of the capital stock again. Ordinarily they constitute trust funds primarily for the benefit of creditors. This is evidently what Chief Justice Lore had in mind in the following language of his opinion: "When so recovered and restored, whether at the instance and in the name of the corporation primarily, or in the name and at the instance of the creditors, it becomes at once a part of the capital stock again, to be held and disposed of as such for the benefit of all concerned. Manifestly this would be so if the amount was recovered by the corporation itself, before dissolution or insolvency. Of necessity, it would then go into the common funds. No other construction seems tenable, if, on the other hand, the recovery should be at the instance of the creditors after the dissolution or insolvency of the corporation. Under this view, each creditor would be entitled to his proportionate share thereof, and any action for the recovery of such illegal dividends or abstracted capital must contemplate such proportionate distribution."

He was emphasizing the right of every creditor to participate in a proportionate distribution of the common fund, as against the attempt of a single creditor to recover in a law action for his own personal benefit. A number of cases are cited from other jurisdictions, none of which, in our opinion, serve to detract from the force of the decision in Roeblings Sons Co. v. Mode, supra.

Appleton v. American Malting Co., 65 N. J. 375, 54 A. 454, was a suit by stockholders under a similar New Jersey statute to compel directors to pay back into the treasury certain dividends paid by them from the capital stock of the company. The corporation was a going concern. It was contended by the defendants' that, under this statute, a corporation could not compel directors to make good the loss in the absence of dissolution or insolvency. This contention was rejected by the New Jersey Court of Errors and Appeals. In Stevirmac Oil & Gas Co. v. Smith, 259 F. 650, the District Court for the Eastern District of Oklahoma, under a similar Okla-

homa statute, reached an opposite conclusion. But whatever may be the rule of construction in other jurisdictions, we are bound in this case by that announced by the Delaware court of last resort. It being established that under the Delaware statute, in case of an insolvent corporation, the right of recovery against directors for such disregard of duty in the payment of dividends is exclusively in the creditors, the crucial question is whether the action may be maintained by the ordinary chancery receiver. The general rule is that such a receiver "cannot maintain an action to enforce the statutory liability of officers or directors, unless he is specially so authorized by statute." Stevirmac Oil & Gas Co. v. Smith (D. C.) 259 F. 650, 654; Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331, 333, 38 L. R. A. 415.

In the latter case it is said that property transferred by the corporation in fraud of its creditors and capital fraudulently withdrawn are assets in the hands of the receiver as to creditors, and that he may recover them because they were at one time assets of the corporation. This may be true with respect to the subject-matter there under discussion, but it is clear that a chancery receiver generally, in the absence of statutory authority, has no more power over assets that have ceased to be the property of the corporation, than he has over those to which the corporation never had title. It is well settled that, in the absence of statute, the receiver of an insolvent corporation makes his title through the corporation. While he represents creditors in the administration of the corporate estate, his trust relates only to some phase of the corporate assets, and not to assets which belong to the creditors individually, or as a body. Jacobson v. Allen (C. C.) 12 F. 454, 456, 457. This rule has received consistent recognition in the Supreme Court of the United States. In Hale v. Allinson, 188 U. S. 56, 23 S. Ct. 244, 47 L. Ed. 380, the holding, as stated in the syllabi, follows:

"As construed by the highest court of Minnesota the statutes of that State do not provide that a receiver of an insolvent corporation can recover the amount of the added liability of non-resident shareholders of the corporation; nor do they provide that such liability shall be an asset of the corporation, to be recovered by the receiver and payable to its creditors when such liability is enforced and the money recovered.

"A receiver, appointed by a Minnesota Court of Equity, in the exercise of its general jurisdiction, of the assets of an insolvent Minnesota corporation, who has no title to the fund but simply acts as the arm of the court, cannot by virtue of his appointment, or of directions contained in the decree appointing him, maintain an action in equity in a foreign State against non-resident stockholders of a corporation to enforce their double liability, nor can he maintain such an action in a Circuit Court of the United States in a District outside of Minnesota.

"The question of comity cannot avail in a case where the courts of the State in which the receiver was appointed hold that an action similar to the one brought in the foreign jurisdiction cannot be maintained by him in the courts of the State of his appointment."

In the body of the opinion it is said: "The receiver, if he be appointed, is not given power to represent the creditors or to maintain, as representative owner or trustee, an action, inside or outside the State, to enforce the liability spoken of. That is the right of the creditors themselves, and the statute provides for their action against the stockholders."

Later a statute of Minnesota conferred upon a chancery receiver, as quasi assignee, the right to collect such statutory liabilities in behalf of the creditors, and it was held, upon that ground, that such a receiver, so authorized, may sue even in a foreign jurisdiction. Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163; Converse v. Hamilton, 224 U. S. 243, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292.

There is no statute of Delaware to which our attention has been called, nor of Minnesota, except in case of the double liability of stockholders, that authorizes a chancery receiver to maintain an action to enforce the statutory liability of corporate officers and directors. Appellant contends that a receiver appointed under the authority of section 3883 of the Revised Code of Delaware of 1915, as was the appellant in this cause, "becomes a quasi-assignee of the corporation" to represent creditors. That section reads as follows: "3883. Sec. 40. *Insolvent Corporations; Receivers of; How Appointed; Powers; Duties; Continuance of; Excepted Corporations*:—Whenever a corporation shall be insolvent, the Chancellor, on the application and for the benefit of any creditor or stockholder thereof, may, at any time, in his discretion, appoint one or more persons to be receivers of and for such corporation, to take charge of the estate, effects, business and affairs thereof, and to collect the outstanding debts, claims, and property due

and belonging to the company, with power to prosecute and defend, in the name of the corporation or otherwise, all claims or suits, to appoint an agent or agents under them, and to do all other acts which might be done by such corporation and may be necessary and proper; the powers of such receivers to be such and continued so long as the Chancellor shall think necessary; provided, however, that the provisions of this Section shall not apply to corporations for public improvement."

Cooney Co. v. Arlington Hotel Co., 11 Del. Ch. 286, 101 A. 879, 886, and Keedy v. Sterling Electric Appliance Co., 13 Del. Ch. 66, 75, 115 A. 359, 363, are cited in support of this contention. The first of these cases was a suit to collect from shareholders the money not paid on their shares of stock; the second, to set aside the sale and transfer of corporate property as fraudulent and void. In both cases the property involved was an asset of the corporation. Neither supports appellant's contention. Undoubtedly the receiver of an insolvent corporation represents the creditors, as well as the stockholders and the company itself, for the purpose of determining the insolvency of the company, collecting its assets, ascertaining and adjudicating the claims against it, and the priorities thereof; but in the absence of statutory authority he does not represent creditors in the collection of claims belonging exclusively to them. The Delaware statute quoted certainly does not expressly or impliedly confer such authority, nor do the cases cited so hold. As has been said, the Cooney Case was a suit to collect from shareholders the money unpaid for their shares of stock—concededly an asset of the corporation itself. The opinion says: "The unpaid capital due from stockholders always was and is a part of the assets of the company, and so belongs to the company and not to the creditors," citing Sanger v. Upton, 91 U. S. 56, 61, 23 L. Ed. 220, to the same effect.

The opinion next cites approvingly Judge Bradford's opinion in Irvine v. Elliott (D. C.) 203 F. 82, 104, as pointing out "the difference in this regard between the statutory double liability of stockholders and the liability for unpaid subscriptions to stock"; the former belonging exclusively to creditors, and the latter being an asset of the corporation, and, as such, being collectible by a receiver. The language of the opinion upon which appellant relies is this: "Furthermore, this liability is more effectively enforced through a receiver, for a Delaware receiver may now sue anywhere to enforce an assess-

ment when made. This is surely a consequence of the act of 1913 (27 Del. Laws, p. 479; Revised Code, par. 3884), which in effect makes a receiver a quasi assignee and so removes the limitation of an ordinary receiver to the territorial limits of the jurisdiction wherein he was appointed."

Of course the assessment to which the chancellor refers is that which was sought to be made and enforced in the case before him. He was not considering a right of recovery which his own citations hold belong exclusively to creditors. This same remark applies to Keedy v. Sterling Electric Appliance Co., supra, the language of which is expressly based upon that in Cooney v. Arlington Hotel Company.

A Pennsylvania case, Cochran v. Shetler, 286 Pa. 226, 133 A. 232, 234, permitted a receiver to recover for dividends "willfully and negligently" paid by directors of a Delaware corporation. But this decision was rendered under the laws of Pennsylvania, and without information respecting those of Delaware, as witness the following language of the opinion: "It is further insisted that the present proceeding cannot be maintained in the state of Pennsylvania, since liability in such cases is fixed by statute in Delaware, the place of incorporation. What the law of that state in this regard is does not appear in the record now before us. There is a presumption that the same legal rules apply as are in force in our own commonwealth."

We have examined the late case of United States Rubber Co. v. Eagle Transportation Co., etc. (Minn.) 248 N. W. 729, and find nothing therein which militates against the conclusions here reached.

It may be that collection by a receiver, all things considered, would be the most economical and efficient method to employ. To this suggestion a complete answer is found in the language of the opinion in Minneapolis Baseball Co. v. City Bank, supra: "If it be desirable, in order to secure a speedy, economical, and practical method of enforcing the liability, to invest the receiver with such power, it must be done by statute."

Such action has been taken in some other jurisdictions.

We find in the order appointing the receiver in the instant case only the usual powers conferred upon an ordinary chancery receiver, and, manifestly, the subsequent leave to bring this suit could not, and does not, operate to enlarge those powers. Holding as we do, that the right conferred by the Delaware statute belongs exclusively to the credi-

tors and not to the corporation after insolvency, and that this right cannot be enforced by appellant, an ordinary chancery receiver, it follows that the decree dismissing the bill of complaint should be and is affirmed.